*Formatted for Electronic Distribution*  *Not For Publication*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF VERMONT**

_____

**In re:**
    **Ben Burd,**
        **Plaintiff.**

**Chapter 13 Case**
**# 03-11590**

_____

Filed & Entered
On Docket
November 24, 2008

**Ben Burd,**
        **Plaintiff,**
    **v.**

**Adversary Proceeding**
**# 08-01018**

**Educational Credit Management Corp;**
**Department of Health and Human Services;**
**and New York Chiropractic College,**
        **Defendants.**

_____

**MEMORANDUM OF DECISION**
**GRANTING UNITED STATES' MOTION TO DISMISS**
**COMPLAINT AGAINST IT**

Ben Burd ("Plaintiff" or "Debtor"), filed a "Complaint to a Determinate (sic) Dischargeability of Plaintiff's Student Loans" (the "Complaint") on August 29, 2008 (doc. # 1). Therein, the Debtor seeks to discharge certain educational loans, including his Health Education Assistance Loan (HEAL). The Debtor erroneously cites 11 U.S.C. § 523(a)(8) as providing the standard for determining dischargeability of this student loan. It is the HEAL statute, 42 U.S.C. § 292f(g), not 11 U.S.C. § 523(a)(8), that governs the discharge of HEAL loans.

The United States of America, on behalf of the United States Department of Health and Human Services ("HHS"), has filed a motion to dismiss Plaintiff's Complaint (doc. # 9) pursuant to Bankruptcy Rule 7012 and Federal Rule of Civil Procedure 12(b)(6). The Plaintiff has not opposed the motion.

For the reasons set forth below, the Court finds the Debtor has not met the three requirements for discharge of his HEAL loans under the pertinent statute. Specifically, the Court finds that the Debtor's HEAL loan is statutorily barred from discharge because seven years from the beginning of his repayment period has not expired. Accordingly, the complaint against HHS must be dismissed.

## JURISDICTION

This Court has jurisdiction over this adversary proceeding and the pending motion to dismiss under 28 U.S.C. § 1334 and 157(b)(2)(1).  This is a core proceeding brought under 11 U.S.C. § 523(a)(8).

## LEGAL ISSUE PRESENTED

The question presented is whether the Debtor's HEAL loan can be discharged through this bankruptcy case, though seven years from the beginning of his repayment period has not expired.

## STATEMENT OF FACTS

In 1994, Debtor, Ben Burd, obtained a Health Education Assistance Loan (HEAL) consolidation.  *See* doc. # 9, Declaration of Barry M. Blum, "Blum Decl.," at ¶ 4.  On August 20, 1994, payment on this loan was first required.  (*See* Blum Decl. at ¶ 5.)

On February 24, 1999, the Debtor filed a Chapter 13 petition in bankruptcy in the United States Bankruptcy Court for the District of Vermont (Case # 99-10244).  Under the HEAL program, HHS fully guarantees the loans to the holder of the notes in the event of death, default, bankruptcy, or permanent and total disability.  On March 9, 1999, the Pennsylvania Higher Education Assistance Authority (PHEAA) filed an insurance claim with HHS.  On March 15, 1999, HHS paid the claim, thereby receiving an assignment of the promissory note.  *See* Blum Decl. at ¶ 7.

On February 12, 2003, an Order of Discharge was entered in Debtor's bankruptcy case (# 99-10244). *See* Blum Decl. at ¶ 9.  On October 20, 2003, the Debtor filed another Chapter 13 petition in the United States Bankruptcy Court for the District of Vermont (case # 03-11590).  *See* Blum Decl. at ¶ 13.

On August 29, 2008, the Debtor filed the Complaint seeking to discharge his HEAL loan in the United States Bankruptcy Court for the District of Vermont (# 08-1018).  *See* Blum Decl. at ¶ 14.

## DISCUSSION

A. **<u>Discharge Of The Debtor's Heal Loans Is Governed Exclusively By The Heal Statute, 42 U.S.C. 292f(g).</u>**

In his Complaint, the Debtor cites 11 U.S.C. §523(a)(8) as the governing statute to determine whether his student loans are dischargeable. *See* Complaint at ¶¶ 6, 64. However, Congress included a specific provision in the Public Health Services Act governing the bankruptcy discharge of debts incurred as part of the HEAL program. Section 292f(g) of Title 42 of the United States Code provides the standard for dischargeability of a HEAL loan in Bankruptcy. *See In re Britt*, 355 B.R. 427, 431-32 (S.D.N.Y. 2006).

Section 292f(g) states as follows:

> (g) <u>Conditions for discharge of debt in bankruptcy</u>. Notwithstanding any other provision of Federal or State law, a debt that is a loan insured under the authority of this subpart may be released by a discharge in bankruptcy under any chapter of Title 11, <u>only</u> if such discharge is granted -
> (1) after the expiration of the seven-year period beginning on the first date when repayment of such loan is required, exclusive of any period after such date in which the obligation to pay installments on the loan is suspended;
>
> (2) upon a finding by the Bankruptcy Court that the nondischarge of such debt would be unconscionable; <u>and</u>
>
> (3) upon the condition that the Secretary shall not have waived the Secretary's rights to apply subsection (f) of this section to the borrower and the discharged debt. 42 U.S.C. § 292f(g) (emphasis added).

These requirements are written in the conjunctive. *In re Rushing*, 287 B.R. 343, 351 (D.N.J. 2002)("Section 292f(g) is not read in the disjunctive . . ., but rather in the conjunctive[.]"). All three requirements must be satisfied in each case. Case law clearly demonstrates a recognition of this fact. "Accordingly, when any debtor is seeking to discharge a HEAL loan, he or she must meet the three requirements specified in Section 294f(g) [now 292f(g)]."[1] *In the Matter of Johnson*, 787 F.2d 1179, 1182 (7th Cir. 1986). "All three of the conditions must be satisfied in order for the HEAL loan to be discharged."

---

[1] The National Institutes of Health Revitalization Act of 1993 amended 42 U.S.C. § 294f(g), increasing the time period when a HEAL loan may first be discharged in bankruptcy from five to seven years (§ 292f(g)), beginning on the first date when the repayment of the loan is required and excluding any periods during which the obligation to repay is suspended.

3

*United States v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991), citing *In re Quinn*, 102 B.R. 865, 867 (Bankr. M.D. Fl. 1989), and *In re Green*, 82 B.R. 955, 957 (Bankr. N.D. Il. 1988); *In re Dunevitz*, 94 B.R. 190, 191-92 (Bankr. D. Colo. 1988).

As discussed more fully below, the Debtor has not been in repayment status for at least seven years, as required by the applicable statute. The Debtor's failure to meet the first requirement thereby renders his compliance with the second and third requirements legally irrelevant.

**B. <u>The Debtor Has Failed To Meet The Seven Years In Repayment Status Requirement.</u>**

In this case, the first condition for discharge under Section 292f(g) has not been met. Seven years have not passed since the repayment of the Debtor's loan first became due. Accordingly, the Debtor's Complaint to determine dischargeability as against HHS should be dismissed, as the claim is not ripe for determination. *See In re Williams*, 96 B.R. 149, 153 (Bankr. N.D. Il. 1989) (stating that it is premature to determine dischargeability of the HEAL loan prior to expiration of the then five-year period).

The calculation of the seven-year bar to the discharge of Debtor's HEAL loans excludes time periods when the repayment of the loans was not required. 42 U.S.C. 292f(g)(1). In addition, the automatic stay imposed by a bankruptcy also tolls the running of the seven-year period as a suspension of the repayment period. *See Ellzey v. United States*, 302 B.R. 385, 388 (Bankr. S.D. Ala. 2003) (finding that during the period in which debtor's Chapter 13 case was pending the automatic stay suspended his obligation to pay installments on his HEAL loan); *In re Williams*, 195 B.R. 644, 647-48 (Bankr. N.D. Tex. 1996) ("Although there was a period of seven years, five months and eighteen days between the time the loans first became due and the filing of the present bankruptcy, the four years, three months and twenty five days that the automatic stay of the previous bankruptcy was in effect was an applicable suspension that tolled the running of the statute."); *In re Seay*, 237 B.R. 896, 900 (Bankr. N.D. Miss. 1999)("[T]he time during which the debtor enjoyed the protection of the automatic stay in a previous bankruptcy qualifies as an applicable suspension [of the repayment period].")

The calculation of the seven-year bar to discharge of the Debtor's HEAL loan first began on his repayment start date of August 20, 1994. The time period from August 20, 1994 to September 2, 2008 totals approximately 14 years (5,127 days). From August 20, 1994 through September 2, 2008, Debtor spent only 5.2 years (1,898 days) in repayment status. The automatic stay in place during the two bankruptcy cases thus totaled 8.85 years (3,229 days) during which time installment payments on his HEAL loan were suspended. *See* Blum Decl. at ¶ 16, and Ex. H. Thus, the loan has not been in report status for seven years since the repayment of the Debtor's HEAL loan began. Accordingly, the Debtor's Complaint seeking to have the HEAL loan discharged is premature and must be denied.

## CONCLUSION

For the reasons set forth above, the Court finds that the HEAL statute controls the dischargeability of Plaintiff's HEAL loan in this bankruptcy case, and that the Debtor has failed to meet the first prong of the standard for discharging a HEAL loan, as his loan has not been in a repayment status for the requisite seven years. Accordingly, this adversary proceeding is dismissed as to the HHS. The HEAL loan shall not be discharged and the Debtor's obligation to pay the HEAL loan shall survive this bankruptcy case.

Dated at Rutland, in the District of Vermont, this 24th day of November, 2008.

_____
Hon. Colleen A. Brown
U.S. Bankruptcy Judge